UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JAMES DEAN PAYTON,<br><br>    Plaintiff,<br><br>v.<br><br>GLA COLLECTION COMPANY, INC.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:16-cv-00177<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT
AND THE TELEPHONE CONSUMER PROTECTION ACT

NOW comes JAMES DEAN PAYTON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of GLA COLLECTION COMPANY, INC. ("Defendant") as follows:

NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA) under 15 U.S.C. §1692, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 59 year old natural person, veteran of the United States Military and is a "consumer" as defined by §1692a(3) of the FDCPA.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Defendant is a "full service professional collection agency"[1] with its headquarters located in Louisville, Kentucky.  Defendant is a third-party debt collector that is in the business of collecting consumer debts for others, including medical debt allegedly owed by Plaintiff.

7. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

10. Plaintiff suffers from a wide variety of health problems which require extensive and ongoing medical treatment.  The majority of Plaintiff's medical care has been performed through the Veterans Administration ("VA").  *See* attached Exhibit A is a true and accurate copy of an affidavit signed by Plaintiff.

---

[1] http://www.glacompany.com/about.html

11. Several years ago, Plaintiff started receiving phone calls from Defendant to his cellular phone, (502) XXX-8497. *See* Exhibit A.

12. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 8497. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. One of the phone numbers that Defendant frequently used to called Plaintiff from was (502) 267-7522. *Id.*

14. Upon information and belief, the phone number ending in 8497 is regularly utilized by Defendant during its debt collection practice against consumers.

15. During answered calls from Defendant, Plaintiff was frequently greeted with what sounded like a recorded message asking him to hold until a representative got on the phone. *Id.*

16. On other answered calls from Defendant, Plaintiff would experience a several second pause before speaking with a representative. *Id.*

17. When Plaintiff spoke with Defendant, he was advised that it was acting as a debt collector and was calling for the purpose of collecting on medical debt. *Id.*

18. On multiple instances, Plaintiff informed Defendant that his medical care was covered in full through the VA. *Id.*

19. Plaintiff has made multiple demands to Defendant to cease calling him, specifically on May 10, 2016 and June 5, 2016. *Id.*

20. Despite his numerous prompts, Defendant has continued to call Plaintiff's cellular phone for the purposes of debt collection. *Id.*

21. Defendant has represented to Plaintiff that if he did not make payment, his accounts would be turned over to an attorney for further action. *Id.*

22. Plaintiff has received not less than 100 calls from Defendant with the majority occurring throughout 2015 and 2016. *Id.*

23. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in fees and expenses.

24. Plaintiff was compelled by Defendant's conduct to change cellular phone service carrier from MetroPCS to Cricket Wireless. *Id.*

25. Plaintiff incurred costs putting an application on his cellular phone to block Defendant's phone number. *Id.*

26. Plaintiff has suffered charges and expenses that he would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

27. Plaintiff has suffered financial loss as a result of Defendant's conduct.

28. Plaintiff has been unfairly harassed by Defendant's actions, resulting in an increased stress level. *Id.*

29. Plaintiff's son is in the military and often calls him from various phone numbers. Plaintiff has received Defendant's calls and been inconvenienced, thinking that it was his son calling. *Id.*

30. Plaintiff's physical condition has been worsened by Defendant's conduct. *Id.*

31. Plaintiff has suffered concrete harm as a result of Defendant's actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33.   Defendant violated 15 U.S.C. §§1692d, d(5), e, e(5), e(8), e(10) and f through its debt collection actions towards Plaintiff.  Through systematic collection calls, Defendant engaged in conduct which had the natural consequence of harassing Plaintiff.

34.   Despite being told that his medical care was covered through the VA and to cease contacting him, Defendant continued to relentlessly contact Plaintiff via automated calls.  Defendant willfully failed to notify the credit agencies it was reporting to that Plaintiff disputed his liability on the medical debt it sought for collection.

35.   Defendant's unfair collection tactics continued when it falsely represented to Plaintiff that he would face attorney action if payment was not made.  At the time the threat was made by Defendant, there were no legal proceedings initiated against Plaintiff with regards to medical debt.  Plaintiff is a disabled veteran who is unable to work and faces a myriad of health problems.  Defendant had no intention of seeking legal action against Plaintiff when it made such representations.  As such, Defendant made false and deceptive statements to Plaintiff in order to induce payment.  Defendant knows that consumers are fearful of threats regarding legal action.

36.   Defendant's harassment techniques are strategically designed to induce consumers, such as Plaintiff, to pay immediately in order to avoid further harassment, embarrassment and sheer annoyance despite their inability to pay.

37.   As plead in paragraphs 23 to 31, Plaintiff was harmed by Defendant's collection actions.

WHEREFORE, Plaintiff, JAMES DEAN PAYTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b.   Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

38. Plaintiff repeats and realleges paragraphs 1 through 37 as though fully set forth herein.

39. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

40. Defendant used an ATDS in connection with its collection communications directed towards Plaintiff. The brief pause that Plaintiff experienced during answered calls from Defendant before being connected to a live representative is indicative of an ATDS. Similarly, the recorded messages that Plaintiff often heard during Defendant's calls are the variety generated by an ATDS. Finally, the frequency and nature of Defendant's calls strongly suggests that a predictive ATDS was used to generate the communications.

41. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to his medical providers, which Defendant will likely assert transferred down, was specifically revoked. Plaintiff made numerous demands to Defendant to cease contacting him.

42. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

43. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, JAMES DEAN PAYTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

44. Plaintiff repeats and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection attempts towards Plaintiff.

46. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction.  An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations."  I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

47. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

48. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

49. Defendant's collection calls and actions towards Plaintiff are "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

50. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic harassment, Defendant used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff that he did not owe any money by virtue of the VA and to stop contacting him. However, Defendant ignored these prompts in an abusive attempt to procure payment from Plaintiff.

51. Placing numerous calls after being told to stop was abusive to Plaintiff. Defendant intended to harass Plaintiff into submission by causing his phone to ring repeatedly.

52. Defendant also made harassing representations to Plaintiff, stating that it would turn his accounts over to an attorney if payment was not made. Neither Defendant nor any other party had any intention of attorney involvement or initiating legal proceedings against Plaintiff. Defendant made false and harassing statements with the hopes they would scare Plaintiff into making payment.

53. In violating the TCPA, Defendant engaged in illegal behavior during its communications towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

54. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

55. Plaintiff made a good-faith attempt to correct Defendant's incurable deceptive acts by demanding that it cease contacting him.

56. Defendant's actions are against public policy and routinely subject consumers to unwanted harassment.

57. As pled in paragraphs 23 through 31, Plaintiff has suffered damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, JAMES DEAN PAYTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 10, 2016                Respectfully submitted,

                                                   s/ Nathan C. Volheim
                                                   Nathan C. Volheim, Esq. #6302103
                                                   Counsel for Plaintiff
                                                   Admitted in the Southern District of Indiana
                                                   Sulaiman Law Group, Ltd.
                                                   900 Jorie Boulevard, Suite 150

Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com